WILLIAM CHRISTIAN v. THE STATE.

1. On the trial of an indictment for carrying deadly weapons, the court below instructed the jury that "If they believed that the defendant went "to the house of P., and there purchased a pistol and carried it, on or "about his person, away from the house of P., they should find him "guilty." *Held*, error; the object of the statute under which defendant was indicted, is to prohibit the carrying of deadly weapons for unlawful purposes.
2. See this case for facts held to be insufficient to sustain a conviction for carrying deadly weapons.

APPEAL from Ellis. Tried below before the Hon. Hardin Hart.

The opinion of the court sufficiently states the facts of the case.

*Amzi Bradshaw,* for the appellant.

*William Alexander, Attorney-General,* for the State.

OGDEN, J. The defendant in this case was indicted and convicted for unlawfully carrying a pistol upon his person. The proof was that he bought the pistol on one side of a public street, and carried it to his residence on the other side. The court charged the jury "If the jury believe from the evidence " that defendant went to Poteet's house, and purchased a pistol " and carried it on or about his person away from Poteet's house, " you will find him guilty."

We do not think this a proper construction of the statute against carrying deadly weapons, nor do we think the Legislature ever intended to make any such law. The whole object and purpose of the law was to prohibit the carrying such weapons about the person for unlawful, offensive, or defensive purposes. We are inclined to look upon this case as a frivolous prosecution, and that the court would have been justified in charging the jury to find the defendant not guilty. The judgment is reversed, and the cause dismissed.

Reversed and dismissed.