[No. 1901.]

### John W. Pressler v. The State.

Unlawfully Carrying a Pistol — Charge of the Court.— The transportation of a pistol home from the place of purchase, by the party purchasing it, or its transportation to a shop for repairs, or from the shop home, whether loaded or unloaded, does not constitute the offense of unlawfully

carrying a pistol as that offense is defined by the statute; nor does the fact that the pistol was discharged while being so transported bring the act within the purview of the statute. See the opinion *in extenso* for a charge of the court, upon the subject, *held* error, because repugnant to the doctrine announced.

APPEAL from the District Court of Nacogdoches. Tried below before the Hon. J. I. Perkins.

A fine of $25 was assessed against the appellant upon his conviction for unlawfully carrying a pistol.

The opinion summarizes the evidence. The motion for new trial raised the question discussed in the opinion.

*T. R. Jennings* and *Ingraham & Edwards*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

HURT, JUDGE. This is a conviction for carrying a pistol. Appellant bought the pistol in the town of Nacogdoches on the 10th day of May, 1884. He lived about eight miles from said town. While on his way home on the same day of the purchase he was seen with the pistol, and when about three quarters of a mile from his home he drew and fired off the same.

Under the authority of the following cases the above facts do not constitute an offense, unless the fact that the pistol was loaded or fired off while being carried home takes this case out of the rule enunciated therein: *Waddell* v. *The State*, 37 Texas, 354; *Christian* v. *The State*, 37 Texas, 475; *Mangum* v. *The State*, 15 Texas Ct. App., 362.

Now, if A. finds or buys a pistol, he has the right to take the same home or to his place of business. Or, if he carries his pistol to the shop to be repaired, or from the shop after it has been repaired, he does not violate the statute, whether the same be loaded or unloaded. Nor will the firing off of the pistol while on the way alter the case,— the unlawful carrying of the pistol being the act denounced and punished by the statute.

The learned trial judge upon this subject charged the jury that: "It is not unlawful for a man to have or carry a pistol at his home, or to buy a pistol at a place away from his home and carry it on or about his person to his home, and in a town he might, if necessary, carry it to places where ammunition was sold for the purpose of fitting and obtaining ammunition for the pistol, and may buy and carry such ammunition as he wants; but, when so carrying the pis-

tol after the purchase and before reaching his home, to render such carrying lawful, the pistol must be empty; and if the pistol was unloaded when bought, he must not load it and carry it loaded; and if loaded when bought, he must not carry it in such condition, but must, if a cartridge pistol, take out the cartridges; or, if it is a cap and ball pistol, he must at least take off the caps, and thus put it in such condition as that it cannot be used as a fire-arm by shooting without any further preparation."

We are of the opinion that the charge is not correct, and, being excepted to at the time, the judgment is reversed and the case remanded.

*Reversed and remanded.*

[Opinion delivered October 17, 1885.]