<div style="text-align: right">*Reversed and Dismissed.*</div>

---

### ALEX MIXON v. THE STATE.

#### No. 878.   Decided April 29th, 1896.

**1.   Continuance, Where Process has Been Issued by Opposite Party—Diligence.**

Under provision of Art. 1012, New Penal Code (Acts 21st Leg., 145, § 1), either party may avail himself of process issued for witnesses by the opposite party, but the party relying for a continuance on process issued by the adverse party, must be able to show that diligence was used by such opposite party. The better practice is, where both parties desire a witness, to have process, when issued by either, to show that fact on its face.                                    ₒ

**2.   Same—Diligence.**

In an application for continuance, diligence requires that it be shown that the witness is under bond, if such be the case; or, that he was present at a former day of the term, or that he was present on the day the case was first called and set for trial, or that being absent, process was issued for him.

**3.   Same—Materiality of the Testimony.**

An application for continuance will not be granted unless it shows that the absent testimony is, or would be material.

**4.   Same—Absence of Counsel—Argument of Counsel.**

An application for continuance on account of absence of counsel, where it is alleged that there was an agreement of counsel on both sides that, in a certain contingency,

this case should go over from day to day, until the absent counsel could be present
Held: That where no artifice or fraud is shown, the agreement must be shown to
have been in writing, and that it was brought to the attention of and approved by
the court. Absence of counsel is not a ground for new trial, where it appeared that
other able counsel represented defendant.

**5. Burglary—Conspiracy—Evidence.**

Where a conspiracy to commit a burglary has been shown, any fact or circum
stance, which would tend to show that the co-conspirator was present and partici-
pated in the burglary, is admissible against the defendant on trial.

**6. Same—Confession or Admission While Under Arrest—Drunkenness.**

An officer testified, that while he was taking defendant to jail, he twice warned
him as to any statements he might make—the defendant appearing to be under the
influence of liquor; that he asked defendant, "Who was with you when you went into
the store?" And defendant replied: "That's for me to know, and you to find out,
God d—n you, if you can." Defendant objected to the testimony, on the ground that
he was drunk; that the statement was not a confession, and was immaterial and ir-
relevant. Held: The testimony was admissible, and it was for the jury to determine
whether or not it was a confession or admission.

**7. Charge—Special Instructions.**

Where the charge given by the court, as to accomplice testimony and circumstan
tial evidence, is correct, special requested instructions upon the same subjects are
unnecessary.

APPEAL from the District Court of Collin. Tried below before Hon.
J. E. DILLARD.

This appeal is from a conviction for burglary, the punishment being
assessed at two years' imprisonment in the penitentiary.

On the night of December 8th, 1894, it was charged that a store
house in McKinney, Texas, belonging to M. Aron & Co., was burglarized,
goods stolen therefrom, and that the house was set on fire, which was
immediately afterwards extinguished by parties who discovered it. The
appellant and one Everett Hollander were jointly indicted for burglary,
arson, and theft. On the motion of appellant a severance was had, and
at the March term, 1895, of the District Court of Collin County, appel-
lant was tried and convicted of burglary, and his punishment was as-
sessed at two and one-half years in the penitentiary. From this sentence
he appealed, and at the Austin term of this court the judgment was re-
versed and the case remanded. The opinion of this court reversing the
case is in 31 S. W. Rep., 409. At the October term, 1895, the appel-
lant was tried again on the charge of burglary; was convicted, and his
punishment assessed at two years in the penitentiary. His motion for a
new trial was overruled, to which he excepted, and gave notice of appeal
to this court.

An order was made allowing ten days to file statement of facts.

The defendant presented his first application for a continuance, which
was overruled, and he excepted.

On the trial the court admitted certain testimony, over the defendant's
objections, and he excepted thereto.

The court refused certain charges he asked, and he excepted.

At the time the court charged the jury he excepted to the charge given,
and took a bill thereto.

[The testimony is wholly circumstantial and very voluminous, and cannot be reproduced here without copying the whole of it, as an attempted condensation would result in not doing justice to either side. —Reporter.]

*G. R. Smith*, *H. C. Mack*, *J. M. Pearson* and *M. H. Garnett*, for appellant, filed an able and interesting brief, in which they mainly contended, that the evidence was insufficient; and also, that the charge of the court, as given, was erroneous, and that the court erred in refusing to give certain requested instructions, asked for by defendant.

*Mann Trice*, Assistant Attorney-General, for the State.

[No brief found on file with the record.—Reporter.]

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal. Appellant made an application for continuance in this case on the ground of the absence of the following witnesses: E. C. Throckmorton, Will Bates, and Gretta Brettell—and also because of the absence from court of M. H. Garnett, his leading counsel. The same question was presented in a motion for a new trial. The diligence, as shown by the application, was as follows: "That each of said witnesses were present at the last trial of this cause, and testified on the trial of the same. That on the 17th day of April, 1895, an attachment was issued in this case, at the instance of the State, for the purpose of having E. C. Throckmorton a witness in said cause, and said attachment was served on the 19th day of April, 1895. The attachment was executed by the sheriff of Parker County, Texas. All of which is more particularly shown by the attachment hereto attached, and prayed to be made a part of this application for a continuance. [Said writ, referred to, shows, by the indorsement on a purported copy, that it was executed on the 19th day of April, 1895, by attaching the body of Ed Throckmorton, and taking his bond to appear before the District Court of Collin County.] That the subpœna was issued, to the best of his knowledge, information, and belief, for Gretta Brettell, alias Stella, and that she appeared and testified in obedience to said subpœna, but that said subpœna cannot be found among the papers of this cause, although diligent search has been made for same." As to the witness, Bates, no pretense that diligence was used is shown. It appears that the defendant relied, as to Throckmorton, on the process issued by the State. The law on this subject provides as follows: "When a witness has been served with process by one party, it shall inure to the benefit of the opposite party, in case he should need said witness, and as far as practicable the clerk shall include in one process the names of all witnesses for the State and defendant, and such process shall show that the witnesses are summoned for the State and the defendant." See, Laws Twenty-first Legislature, p. 145, § 1. We have cited this act, but

fail to find it brought forward in Rev. Stat., 1895, and, if it was not brought forward, it stands repealed, and, in such an event, appellant could not rely upon it. [The Article is 1012, New Penal Code.—Reporter.] It would appear from this act, that, while one party can avail himself of process issued by the other, in such case the party relying upon process issued by the adverse party must be able to show that diligence was used by such opposite party; and the statute provides that the process, on its face, when witnesses are summoned by both parties, shall show that fact. So that it would appear at least to be the better practice, where one party originally sues out process for a witness, and the opposite party desires the same witness, to have the process show the fact. This course will prevent confusion, as it may occur, in the absence of such showing on the face of the process, that the witness may be discharged by the party summoning him, without any knowledge on his part that the other party desired to use the witness. At any rate, where a party relies upon process issued for a witness by his adversary, he must be able to show that such adversary used due diligence to procure the attendance of the witness. In this case it is not shown that the State used due diligence as to the witness, Throckmorton. It is not shown that the bond was taken, except by inference. Nor is it shown that said witness was in attendance at the term of court at which this trial was had, or that he was present on the day when the case was first called and set, or that he was present at any time during said term of court. It should have been made affirmatively to appear that he was present, or, being absent, that process was issued for him. As to the witness, Gretta Brettell, there is also an utter lack of diligence. Nor does it appear to us that the testimony of either Throckmorton or Brettell was material. We fail to see how the fact that Throckmorton saw Hollander talking to a tall man, whom he did not know, at the chili stand on the night of the burglary, and before it occurred, without more being stated in the application than is there stated, could appear to be material. As to the witness, Brettell, the circumstance that the defendant had four dollars when he came to her house, between 9 and 10 o'clock, could not be material, unless in that connection it had been shown that he left her house with said money, or a part thereof, and this is not shown. As stated, appellant also craved a new trial of this cause on the ground that the court forced him to trial in the absence of M. H. Garnett, his leading counsel. The application, in this connection, shows as follows: "As an additional reason for a continuance or postponement of this cause, he states that his leading attorney, M. H. Garnett, is now absent, in the city of Sherman, engaged in the trial of a murder case, which trial defendant is informed commenced on the 28th of October, 1895, and has not yet been finished. That his said attorney was present at the trial of this cause at the last term of this court, and that he arranged with the attorney for the State that, in case the murder case now on trial in Sherman should not be concluded by this day, this case should go over from

day to day until the said M. H. Garnett could be present and assist in the trial of this cause. Wherefore this defendant says that this is the first time he has made application for continuance, and he prays the court that the same may be granted." It is not shown that this agreement was in writing, as is required by the rules with reference to agreements between attorneys, or that it was brought to the attention of the court; much less, that he approved such an agreement; nor is any artifice or fraud attempted to be shown in this regard; and the fact that the appellant had three other able counsel to defend him, in the absence of some special reason showing that he was prejudiced by the nonattendance of Garnett, affords no reason for a continuance of the cause. See, Ryan v. State, (decided at Austin term, 1896), 35 S. W. Rep., 288. Appellant, by his second bill of exceptions, urges that the court below committed error in allowing the State to prove by two witnesses that they saw Hollander, the codefendant of appellant, with a black silk handkerchief, on the night of the burglary, and preceding its occurrence; said handkerchief having holes in it. It was also proved by another witness that said Hollander owned a black handkerchief; that the witness had seen him with it, but was unable to say how long before the burglary— thought it was about one or two months before it was committed. Appellant insists that this testimony was inadmissible, because it did not tend to connect this appellant in any way with the said handkerchief, nor with the offense for which he was being tried, and, further, that it was hearsay; that the exhibition of the handkerchief to the witness on the night of the burglary was not in the presence of the appellant, and could not affect him; and that such testimony was calculated to prejudice appellant. In this connection it will be observed that a black handkerchief of the same general description was found at the place where the burglary was committed, and immediately after its commission. The testimony in this case tends to show a conspiracy between the appellant and his codefendant, Hollander, to commit the burglary in question; and, in view of this, any fact or circumstance which would tend to show that Hollander was present and participated in the burglary was admissible against this appellant. This was a criminative circumstance, directly connecting Hollander with the burglary; and the other facts and circumstances of the case, as before stated, tended to show that they were acting together. This evidence, though not as strong, was equally as admissible, as if some witness had testified to having seen Hollander at the place of the burglary. After the defendant's arrest at the livery stable, which was about 11 or 12 o'clock on the day after the burglary, when the constable, Joe McKinney, was carrying the defendant to jail, it appears that he warned the prisoner twice that anything he might say in the case could be used in evidence against him. The first time the officer states that he appeared to be under the influence of liquor, or was feigning drunkenness, and was stupid, and did not appear to understand, so that a little while after that he warned him again. After that he asked appellant where

he was the night before, and who was with him when he went in the Aron's store, to which appellant replied: "That's for me to know, and you to find out, God damn you, if youcan." Appellant objected to this testimony on the ground that he was so drunk that he did not understand or appreciate his condition, and because his statement was not a confession, and was immaterial and irrelevant; and also that he was under arrest at the time, and it was not a voluntary statement made by the defendant when he was in a position to know and appreciate his condition. It occurs to us that this testimony was admissible; the appellant, as stated, having been properly warned before he made it. Whether or not it was a confession, or the statement of a circumstance which might tend to show guilt, was for the jury to determine; and the court, in its charge on this subject, we think, properly submitted the question regarding this testimony to the jury. All of the phases of the question were submitted in the charge of the court, and we do not think said charge subject to the criticisms made by the appellant. Appellant excepted to the refusal of the court to give the charge asked by him on accomplice's testimony. The court gave a charge on this subject which was correct, and that asked by the appellant was not necessary. The same observations hold good with reference to the charge asked on circumstantial evidence. The charge given by the court on principals, in our opinion, was called for by the testimony in the case; and, while there was no particular testimony showing the part that each took in the burglary—whether both acted together in entering the house, or whether one stood watch—yet we fail to see how the charge given, and embracing the proposition that one standing watch while the other committed the offense was a principal, could have prejudiced the appellant. We have examined the record in this case carefully, and, while the evidence is purely circumstantial, in our opinion it clearly establishes the guilt of both defendants; and the jury were amply authorized to find a verdict of guilty, as against this appellant, and he certainly has no right to complain that they imposed the lightest punishment authorized by law. The judgment and sentence of the lower court are affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing, filed May 7th, 1896, was overruled without a written opinion.—Reporter.]