TERRY CROSSLY v. THE STATE.

No. 2002. Decided June 28, 1912.

**Burglary—Evidence—Codefendant.**

Where the codefendant pleaded guilty, the statement in his confession of guilty can not exonorate the defendant and was not competent testimony.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at three years confinement in the penitentiary.

The record is before us without a statement of facts or bills of exception. There is an affidavit attached to the motion for new trial alleging, in substance, that a codefendant was convicted or plead guilty for the offense of which appellant was convicted, and that Kemper plead guilty before the conviction of appellant. The affidavits, in substance, show that Kemper, in agreeing to plead guilty, had stated that he would make such a statement in his confession of guilt as would exonerate the defendant. How this could be of service to appellant upon another trial we do not fully understand. Kemper having plead guilty and accepted the sentence, thereby became disqualified as a witness and would be in the penitentiary. But even if he had made the statement exonerating the defendant on his confession of guilt, we do not see exactly how this could be used as evidence for the defendant. What the evidence for the State was we are unable to say in the absence of the facts. It may have been overwhelming that defendant was connected with the burglary, and in fact committed it. In the attitude of the record as presented to us we find no merit in this proposition, and the judgment therefore is affirmed.

*Affirmed.*