WESLEY HOLLINS v. THE STATE.

No. 2573. Decided June 18, 1913.

Carrying Pistol—Sufficiency of the Evidence.

Where, upon trial of unlawfully carrying a pistol, defendant contended that he had the pistol at the time charged for the purpose of selling it, and the court fully submitted this matter to the jury, who, nevertheless, found the defendant guilty on sufficient evidence, there was no error.

Appeal from the County Court of Anderson. Tried below before the Hon. E. V. Swift.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $200 and two months confinement in the county jail.

The opinion states the case.

*Ray & Seagler,* for appellant.—On question of insufficiency of the evidence: Lewis v. State, 52 Texas Crim. Rep., 7, 104 S. W. Rep., 901; Foster v. State, 59 Texas Crim. Rep., 44, 126 S. W. Rep., 1155; Mathonican v. State, 51 Texas Crim. Rep., 471, 102 S. W. Rep., 1123; Granger v. State, 50 Texas Crim. Rep., 488, 98 S. W. Rep., 836; Waterhouse v. State, 62 Texas Crim. Rep., 551, 138 S. W. Rep., 386; Huff v. State, 51 Texas Crim. Rep., 441, 102 S. W. Rep., 407; Kellum v. State, 66 Texas Crim. Rep., 505, 147 S. W. Rep., 870; Dillingham v. State, 32 S. W. Rep., 771.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of unlawfully carrying a pistol. The State proved that appellant had a pistol

on or about his person last Christmas morning. Appellant admits in his testimony he had the pistol, but says he had it on this occasion for the purpose of selling it to one George Garland, and introduced other witnesses supporting his contention. The court, in his charge, instructed the jury:

"If you believe from the evidence beyond a reasonable doubt that the defendant had on his person a pistol as charged, but you should further believe from the evidence that at the time he so had said pistol he had started to the barber shop to show said pistol to George Garland for sale by previous arrangement between the defendant and George Garland, and on the day he is alleged to have carried the pistol, he had a reasonable expectation of finding George Garland at said barber shop, and you further believe he was on his way to said barber shop, on the usually traveled route for the purpose of making said sale, and for no other purpose, then he would not be guilty of unlawfully carrying a pistol and in this event you will acquit him. Now if you believe from the evidence before you, beyond a reasonable doubt, that the defendant, Wesley Hollins, did, in Anderson County, Texas, on or about December 24, 1912, unlawfully have on and about his person a pistol, as charged and that he had no legal right to carry said pistol as before set out, then he would be guilty, and if you so find, you will assess his punishment at a fine of not less than one hundred nor more than two hundred dollars or by imprisonment in the county jail not less than thirty days nor more than twelve months, or by both such fine and imprisonment."

It is thus seen the court submitted the defensive issue affirmatively, and the jury did not believe the testimony. About the only question presented is, that although the jury did not believe it, and the trial judge also, by overruling the motion for new trial, declares his lack of belief in the testimony, yet we should find the testimony true and reverse the case. There are no bills of exception; no complaint of the charge of the court in the motion for new trial, and no special charges requested, as before stated, the only contention, that we can consider being that as the testimony offered in behalf of appellant, if true, would show that he was not guilty of unlawfully carrying the pistol. We can not substitute our judgment for that of the jury and the trial judge. Suppose defendant and all his witnesses had testified he had no pistol on that occasion. No one would question the right of the jury to find that he did have one on that occasion, as the officer had so testified. Instead of doing so, he testifies to what is termed a confession and avoidance,—he admits he had the pistol, but that he had brought it to town for the purpose of selling it. Because the testimony offered in his behalf would support his plea in avoidance, was the jury bound to accept it as true, any more than when one is found in possession of stolen articles and he testifies he bought the goods down the road from a person whose name he can not recall. In either event the explanation, if true, would entitle one to an acquittal. Of course, such evidence calls for an affirmative charge on that theory, but when the charge is given, and the jury finds

the explanation not true, we will not disturb the verdict in the one case nor the other.

The judgment is affirmed.

*Affirmed.*