

# The Attorney General of Texas

**M MATTOX**
**ttorney General**

**preme Court Building**
**r. O. Box 12548**
**Austin, TX. 78711- 2548**
**2/475-2501**
**Hex 910/874-1367**
**telecopier 512/475-0266**

**:4 Jackson, Suite 700**
**uallas, TX. 75202-4506**
**214/742-8944**

**4824 Alberta Ave., Suite 160**
**El Paso, TX. 79905-2793**
**75/533-3484**

**. Texas, Suite 700**
**ouston, TX. 77002-3111**
**13/223-5886**

**36 Broadway, Suite 312**
**ubbock, TX. 79401-3479**
**806/747-5238**

**309 N. Tenth, Suite B**
**McAllen, TX. 78501-1685**
**512/682-4547**

**200 Main Plaza, Suite 400**
**San Antonio, TX. 78205-2797**
**12/225-4191**

**An Equal Opportunity/**
**ffirmative Action Employer**

December 28, 1984

Honorable James S. McGrath
Criminal District Attorney
Jefferson County Courthouse
P. O. Box 2553
Beaumont, Texas     77704

Opinion No.  JM-286

Re:  Whether handguns may be bought, sold, and traded at the Port Arthur Civic Center, a premises licensed for the sale or service of alcoholic beverages

Dear Mr. McGrath:

You inform us that handgun dealers rent spaces at the Port Arthur Civic Center in order to sell the guns. The Civic Center is licensed by the state for the sale and service of alcoholic beverages. You wish to know whether section 46.02 of the Penal Code is violated when handguns are bought, sold, and traded at the Port Arthur Civic Center.

Section 46.02 of the Penal Code provides as follows:

(a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club.

(b) Except as provided in Subsection (c), an offense under this section is a Class A misdemeanor.

(c) An offense under this section is a felony of the third degree if it occurs on any premises licensed or issued a permit by this state for the sale or service of alcoholic beverages.

Section 46.03 provides certain exceptions to section 46.02 of the Penal Code:

(a) The provisions of Section 46.02 of this code do not apply to a person:

. . . .

>     (2) on his own premises or premises under his
> control unless he is an employee or agent of the
> owner of the premises and his primary
> responsibility is to act in the capacity of a
> private security guard to protect persons or
> property, in which event he must comply with
> Subdivision (5) of this subsection;
>
>     (3) traveling;
>
>         . . . .

Whether an individual has violated section 46.02 or may avail himself of section 46.03 is a fact question to be resolved through the criminal process. See, e.g., Tex. Const. art. I, §§10,15,19; Code Crim. Proc. art. 1.03. Thus, we cannot answer your question as a matter of law. We can, however, point out judicial constructions of section 46.02 which should be helpful to you in your role as prosecutor of alleged violations thereof.

Section 46.02(c) of the Penal Code has been strictly enforced. The court in Milligan v. State, 465 S.W.2d 137 (Tex. Crim. App. 1971), held that the defendant committed a felony offense by carrying a pistol in a coffee shop licensed to sell beer, even though it could not legally sell beer at the time defendant was there. An individual prosecuted under section 46.02(c) is not, however, deprived of defenses available under the Penal Code. The Court of Criminal Appeals has decided that the defense of necessity, which section 9.22 of the Penal Code defines, is not unavailable as a matter of law in a prosecution under section 46.02(c). Johnson v. State, 650 S.W.2d 414 (Tex. Crim. App. 1983) (en banc). Thus, statutory and judicially created defenses to carrying a gun are not inapplicable to such conduct on premises licensed under the Alcoholic Beverages Code. See Flores v. State, 486 S.W.2d 577 (Tex. Crim. App. 1972).

Texas law has long included prohibitions against carrying a gun and has provided the exceptions now found in sections 46.03(a)(2) and (3) of the Penal Code. The Act of April 12, 1871, made it a misdemeanor offense for anyone to carry "on or about his person . . . any pistol . . . ." Acts 1871, 12th Leg., ch. 34, §1, at 25; 6 H. Gammel, Laws of Texas 927 (1898). It included the following proviso:

>     [P]rovided, that this section shall not be so
> construed as to prohibit any person from keeping
> or bearing arms on his or her own premises, or at
> his or her own place of business, . . . nor to
> prohibit persons traveling in the State from
> keeping or carrying arms with their baggage. . . .

Id.   Judicial decisions interpreting the Act of April 12, 1871, created an exception allowing the purchaser to take a handgun home from the place of purchase. See Waddell v. State, 37 Tex. 354 (1872); Christian v. State, 37 Tex. 475 (1872).  The legislature has modified the statutes on illegal carrying of guns, but the judicially created exception has continually been recognized.  See, e.g., Henson v. State, 252 S.W.2d 711 (Tex. Crim. App. 1952); Hollins v. State, 158 S.W. 514 (Tex. Crim. App. 1913); Waterhouse v. State, 138 S.W. 386 (Tex. Crim. App. 1911); Pressler v. State, 19 Tex. App. 52 (1885). See 20 Tex. Jur. 3d, Criminal Law §1332.  It has been held that the purchaser must carry the gun home without unreasonable delay.  Henson v. State, supra.  The judicially created defense for purchasers and the statutory defense of traveling are relevant to evaluating the conduct of an individual who purchases a gun at the Port Arthur Civic Center.  Whether an individual is a traveler is generally a question of fact.  George v. State, 234 S.W. 87 (Tex. Crim. App. 1921).

We next consider provisions relevant to the conduct of the handgun dealers who sell guns in the Civic Center.  Section 46.03(a)(2) renders section 46.02 of the Penal Code inapplicable to a person on premises under his control.  Cf. Flores v. State, supra (predecessor of section 46.02 inapplicable to liquor licensee's employee carrying arms at his place of employment).  A prior opinion of this office has determined that premises leased by an individual may qualify as premises within section 46.02(a)(2) as long as he has a right to control these premises.  Attorney General Opinion H-22 (1973).  See also Evers v. State, 576 S.W.2d 46 (Tex. Crim. App. 1978); Attorney General Opinion H-185 (1973).  Whether the handgun dealers have sufficient control over the spaces they rent at the Port Arthur Civic Center is a fact question.

### SUMMARY

Whether particular conduct violates section 46.02 of the Penal Code is a fact question.  A judicially created defense to prosecution under section 46.02 permits the purchaser of a handgun to take it home.  Premises leased by a handgun dealer may qualify as premises within section 46.03(a)(2) if the dealer has sufficient control of them.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General.

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Bruce Youngblood