ETHEL LACY V. STATE

No. 31,368. February 3, 1960
Motion for Rehearing Overruled March 23, 1960

*Herschel B. Cashin,* Galveston, for appellant.

*Jules Damiani, Jr.,* Criminal District Attorney, *Ervin A. Apffel, Jr.,* Assistant Criminal District Attorney, Galveston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is theft from the person; the punishment, four years.

Josef L. Fruehstueck, native of Hungary and a recent German immigrant who had arrived in Galveston August 16, 1958, testified:

On September 6, 1958, after midnight, he was walking down the street with a friend and saw a group of colored boys and girls; that one of the girls was appellant, Ethel Lacy; that she "tried to grab me—put her arms around me and tried to push me down that alley"; that he "told her to get away—get away from me—leave me alone."

The prosecuting witness further testified that he had never seen appellant or any of her companions before; that after appellant put her arms around him and he tried to get her away, "Well, she leave me alone then, and she runned off. ***She runned down to the corner."

"Q. What about the other colored people that were there with her? A. I didn't see nobody after that.

"Q. Did you see them run? A. Yes, I seen a couple of them running down the street, yes."

Before he saw appellant the witness had some $245.00 in American money and $58.00 in Canadian money on his person. He had, some ten minutes before the meeting, taken $100.00 from his wallet and put it in his watch pocket. Not more than five minutes after appellant ran he reached in his pocket for a dollar to give his companion, who had requested it to buy beer, and all of his money except 7 cents was gone.

The witness and his friend then began a search for appel-

lant. He called the police and reported the matter. Some twenty-five minutes later the witness was riding in a police car and saw appellant in another and identified her. She was taken to jail where he identified a Canadian $20.00 bill taken from appellant, which he testified was a souvenir—"You can find no more Canadian money like that."

$150.00 in American money and $53.00 in Canadian money was found in appellant's possession when she was searched at the police station. The matron testified that the Canadian money was found in one of her shoes, and the $150.00 was in her brassiere.

Appellant testified that she was 23 years old and in September 1958 was a prostitute.

Her version of the affair was that the appellant came up and said he wanted to see a girl and she went with him; "He wanted a date with a colored girl * * * He wanted me to date * * * to go with him as a date and his friend had another girl with him as a date * * * we went back * * * it was in Church Alley on 27th Street, and he told me he was going to give me his money. He wanted to spend the night with me, and I accepted his money and he started getting rough and I got scared and ran off. * * * . After we got in the dark and he gave me the money, he acted like he could not wait—like he was going to throw me down, and I hollered and started running, and some lights started coming on, in the alley."

"Q. Is it your testimony that the money which was taken from you by Mrs. Mallia, was money which Fruehstueck gave you? A. That is correct."

Appellant further testified that she gave the money to the matron before she was searched.

Appellant admitted several convictions for vagrancy involving moral turpitude and a conviction of theft from the person on November 20, 1958, which resulted in a suspended sentence.

Appellant's first ground for reversal is the failure of the trial judge to charge upon circumstantial evidence.

The record does not show that the request for such a charge

was presented to or acted upon by the trial judge and no objections to the charge appear.

The next complaint relates to the admission in evidence of certain acts and declarations of appellant and of the complaining witness while appellant was in police custody.

The prosecuting witness testified: "I asked her to give me my money back and she said she is going to give me $38.00 back. * * * I said, no. She don't want me to sign * * * Well, I said, no. I said, all I want is my money back. I don't want to file a charge against you. * * * She don't say nothing after that."

Officer Rigsby testified that the prosecuting witness, "After asking Miss Lacy for his money repeatedly, and not receiving any consideration from her * * * then filed a charge of theft from his person on Miss Lacy." Also this officer testified that after he first saw appellant in a police car, the prosecuting witness pointed toward appellant and said "that's the one that did it", and identified appellant out of the three women in the car.

The contention that the admission of the above mentioned evidence was error calling for reversal because appellant was at the time under arrest, must be appraised in light of appellant's admission that she got the prosecuting witness' money without any consideration paid or performed and ran away with it, as well as the res gestae rule.

If not admissible under the res gestae rule, the evidence was not a confession that appellant acquired the money in a manner other than as shown by her testimony, and its admission is not ground for reversal.

The statement of the prosecuting witness upon seeing appellant in the police car was no more than an identification of her as the colored girl who got his money.

She having admitted her identification, the admission of testimony which bolstered the testimony identifying her as "the person who did it" was not therefore prejudicial.

The evidence appears to have been admissible as res gestae. If not, its admission is not ground for reversal for the reason stated.

The remaining claims of error relate to argument to the effect that the money taken from the complaining witness was all the money he had in the world.

The prosecuting witness testified without objection: "Now did you have any other money? A. No, sir."

In view of this evidence, the remarks of the attorney for the state are not such as to warrant reversal of the conviction.

The judgment is affirmed.