S. H. HOWELL V. STATE

No. 33,796.   November 15, 1961
Motion for Rehearing Overruled January 3, 1962

*Lawrence H. Warburton* for *Perkins, Floyd, Davis & Owen,* Alice, for appellant.

*John C. Mullen,* County Attorney, Alice, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, three days in jail and a fine of $50.

The evidence was undisputed that on the night in question, the appellant, while driving his automobile upon a public street in the city of Alice, drove into and collided with a panel truck parked at the curb on the right side of the road.

Witnesses called by the state, including the investigating officers, who observed appellant after the accident, testified that he was "unsteady on his feet" and that he "staggered"; that he talked "very belligerent," and with a "thick tongue"; and that his breath smelled of "alcoholic beverages." The witnesses expressed their opinions that at such time appellant was intoxicated.

As a witness in his own behalf, appellant testified that he had consumed no alcoholic beverages on the day in question; denied that he was intoxicated; and called witnesses who testified that they had been with him prior to the collision, during which time he had nothing to drink.

The jury resolved the disputed issue against appellant, and we find the evidence sufficient to sustain their verdict.

Appellant insists that his conviction should be reversed because the jury panel in the case was selected by a jury commission rather than from a jury wheel as provided by law. No

motion to quash the jury panel was filed by appellant and it was not until after the jury's verdict that appellant, in his amended motion for new trial, questioned the method used in selecting the jury panel in the case. Appellant's objection to the jury panel came too late when made for the first time in his amended motion for new trial. 26 Tex. Jur., par. 73, 74, pages 638 and 639; Resendez v. State, 151 Tex. Cr. R. 332, 207 S.W. 2d 91; Waller v. Summers (Tex. Civ. App.), 299 S.W. 2d 752, Reh. Den. err. ref. N.R.E.; Ramsour v. State, 165 Tex. Cr. Rep. 481, 308 S.W. 2d 56.

Appellant next insists that the court erred during the examination of the jury panel in refusing to re-draw the same when the juror Cook reported late in the court and in arbitrarily placing his name last on the jury panel list. Appellant further insists that the court erred in overruling his motion to postpone the proceedings until two of the jurors, summoned on the panel, were present. Appellant's complaint to the court's ruling is not presented by a formal bill of exception and the purported informal bill of exception appearing in the statement of facts does not certify to sufficient facts upon which we may properly appraise the court's ruling. We observe, however, that the record does not show that as a result of the court's ruling any objectionable juror was forced upon appellant and that he was injured thereby. In the absence of such showing, no reversible error appears. 26 Tex. Jur., par. 76, p. 640; Lair v. State, 169 Tex. Cr. R. 216, 333 S.W. 2d 389.

Complaint is made to the court's action in overruling appellant's challenge for cause of the juror Edwards. While the record reflects that on his voir dire the juror stated that from hearsay or otherwise he had arrived at a conclusion as to the guilt or innocence of appellant, he further stated that he could lay aside anything that he had heard and judge the case solely upon the evidence heard from the witness stand. Under such facts the court did not abuse his discretion in holding the juror qualified. Art. 616, sec. 13, V.A.C.C.P.; Burkhalter v. State, 93 Tex. Cr. R. 504, 247 S.W. 539.

Complaint is made to the court's action in admitting in evidence an oral statement made by appellant to the arresting officer after his arrest.

The record reflects that when Officer Roensch first arrived at the scene of the accident appellant was seated in his auto-

mobile. At the officer's request, appellant got out of the car, produced his driver's license, and then got back in the car. While the officer was questioning the owner of the panel truck, appellant left the scene on foot. Officer Roensch then got in his car and drove away in an effort to apprehend appellant. Upon being unable to find him, the officer returned to the scene where he saw appellant lying down in some grass in a vacant lot. Officer Roensch testified that when he went to appellant and asked him to get up appellant "giggled" and said, "You know I'm pretty drunk."

Appellant objected to the evidence of such statement on the ground that he was then under arrest and requested that the same be stricken. The objection and request were by the court overruled.

We think the statement made by appellant at the scene of the accident was admissible as part of the res gestae, under the rule announced in Lamkin v. State, 136 Tex. Cr. R. 99, 123 S.W. 2d 662, See, also, Ward v. State, 148 Tex. Cr. R. 186, 185 S.W. 2d 577, and Fowler v. State, 162 Tex. Cr. R. 513, 287 S.W. 2d 665.

The case of Bates v. State, 167 Tex. Cr. R. 414, 321 S.W. 2d 76, cited by appellant is not here controlling because in that case the statement made by the accused was given after he had been placed under arrest and had been taken from the scene and was enroute to the sheriff's office.

Appellant's remaining complaint is to the court's charge. The charge was submitted to the jury and filed in the cause on May 16, 1961. Certain objections and requested charges appear in the record and are shown to have been filed on June 14, 1961. The defendant is required to present his objections to the charge in writing before it is read to the jury. The same is required of requested instructions. Arts. 658 and 659, V.A.C.C.P. Having failed to do so, appellant's complaint to the charge is not before us for review. Robbins v. State, 161 Tex. Cr. R. 96, 274 S.W. 2d 691.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.