Ricky Granville **JONES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43020.

Court of Criminal Appeals of Texas.

Oct. 14, 1970.

can and a bottle of pills in the automobile and another bottle of pills on appellant's person. The bottle[1] of pills was shown by chemical analysis to be barbiturates and amphetamine."

In the case at bar it was shown that this appellant, Ricky Granville Jones, was the passenger in the automobile and that he emerged from the vehicle during Officer Layer's first conversation with Corbitt and during the search of the car was standing to the rear thereof. Immediately after the officer found the bottle of pills in the glove compartment marked "sulfate de Benzedrina" he engaged in a conversation with the appellant Jones who told him that they (he and Corbitt) had obtained the pills in Cuernavaca, Mexico and that they had paid $8.50 for them.

In his first ground of error the appellant complains of the admission into evidence of such statement or statements without a showing that he was warned of his "constitutional rights" since such statement or statements were not res gestae.

The facts concerning these statements were not as carefully developed as they might have been. The statements were elicited at different times during Officer Layer's testimony and there was no showing that they were made in response to a question or inquiry or that at the precise time the appellant was under arrest.

■ Be that as it may, acts and declarations which are a part of the res gestae are admissible notwithstanding the fact that they may not be admissible as confessions or admissions, for the rule of res gestae is independent of, superior to and cannot be limited by the rules relating to confessions or admissions after arrest. Spann v. State, 448 S.W.2d 128 and cases there cited. See also 24 Tex.Jur.2d 137, Sec. 600; Fisk v. State, Tex.Cr.App., 432 S.W.2d 912.

Still further, it is noted that Article 38.-22, Sec. 1(f), Vernon's Ann.C.C.P., provides in part: "Nothing contained herein

Lawrence Fischman, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, W. T. Westmoreland, Jr., and Harry J. Schulz, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is possession of dangerous drugs; the punishment, a $101 fine.

This is a companion case to Corbitt v. State, Tex.Cr.App., 445 S.W.2d 184, and the facts are essentially the same. In Corbitt the facts were described as follows:

"It is undisputed that Dallas Police Officer Charles Layer arrested appellant for speeding in the City of Dallas at approximately 1:55 a. m. on September 13, 1967. After appellant's automobile was brought to a stop appellant emerged therefrom leaving his companion therein. As he did he made 'a stumbling faltering movement.' As he approached, Officer Layer observed that his clothes were disarranged, his eyes were bloodshot and there was an odor of alcoholic beverage on his breath. Layer noticed the automobile bore Oklahoma state license plates and the appellant produced a valid Oklahoma driver's license. Appellant stated that he and his companion had just returned from a trip to the Republic of Mexico. At this point the officer concluded the appellant was under the influence of intoxicants and he decided to search the automobile for intoxicating beverages. Fearing for his personal safety Layer first radioed for 'a cover squad.' After Officer Boyd arrived Layer searched finding an empty beer

---

1. The evidence reflects that both bottles were shown to contain dangerous drugs.

shall preclude the admissibility * * * of any statement that is the res gestae of the arrest or of the offense." As to the application of Miranda v. Arizona, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, to res gestae statements, see Hill v. State, Tex.Cr.App., 420 S.W.2d 408; Brown v. State, 437 S.W.2d 828.

 If a statement is admissible as res gestae the fact that it is made in response to an inquiry, or while under arrest does not render the testimony inadmissible. Spann v. State, supra; Fowler v. State, 162 Tex.Cr.R. 513, 287 S.W.2d 665; Heath v. State, Tex.Cr.App., 375 S.W.2d 909.

Under the facts and circumstances, we conclude the statements were admissible as part of the res gestae. Even if the appellant be right in that there was not a sufficient showing as to spontaneity to justify admission under the true res gestae rule, the statements would be admissible under the verbal act doctrine or so called res gestae rule. See Ramos v. State, Tex. Cr.App., 419 S.W.2d 359.

Ground of error #1 is overruled.

Next, appellant contends the court erred in not submitting the legality of the search and seizure to the jury.

In Corbitt v. State, supra, this court said:

"Under the circumstances described clearly there was probable cause as a matter of law for Officer Layer to arrest the appellant without a warrant and to search him incident to that arrest. The legal evidence did not raise an issue which required a jury charge under the provisions of Article 38.23, V.A.C.C.P., and the court did not err in failing to so charge."

Such statement is equally applicable to the case at bar.

Further, appellant's first timely presented special requested charge was not a correct statement of law. Such requested charge would have had the court instruct the jury that if they believed that Officer Layer "had probable cause" to stop the driver of the automobile they could not consider the fruits of the search and must find the accused "not guilty."

The appellant offered no testimony and there was nothing in the State's evidence to support the submission of appellant's second special requested charge as to whether the arrest for speeding was a sham or pretext.

Ground of error #2 is overruled.

The judgment is affirmed.