**Robert Cecil RICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44810.**

Court of Criminal Appeals of Texas.

April 19, 1972.

Rehearing Denied June 21, 1972.

James A. Moore, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Charles Cate, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for driving a motor vehicle on a public road while intoxicated. The jury assessed the punishment at confinement in jail for seven days and a fine of two hundred dollars.

The sufficiency of the evidence is not challenged. Complaint is made because the

court admitted into evidence a statement of the appellant concerning an extraneous offense after he was under arrest.

Officer W. M. Casteel of the Houston Police Department testified that the appellant was stopped at a signal light on Fannin Street in Houston. When the light turned green the appellant drove off at a high rate of speed leaving a hundred feet of skid marks. He veered slightly from one lane to another several times and cut in front of another vehicle and came to an abrupt stop after almost hitting some children. Officer Casteel made two attempts before he was able to stop the appellant. When the appellant got out of the car, he was excited and he leaned on his car and the officer's car. He was loud and abusive. He cursed the officers and waived his arms. After some five minutes, the officer handcuffed the appellant.

Officer Casteel testified that there was a strong odor of alcohol on appellant's breath. His eyes appeared to be glassy and the pupils dilated. In his opinion, the appellant was intoxicated. Officer J. L. Scott who was with Officer Casteel testified that while the officers were at the signal light, he heard the appellant ask the driver of another vehicle if he wanted to race. He testified to substantially the same facts as did Casteel about the subsequent chase and the arrest and he also was of the opinion that appellant was intoxicated.

While the officers were pursuing the appellant, a male passenger in his car threw out a sack which contained four or five empty beer cans. Two empty gallon wine jugs and approximately two cases of empty beer cans were found in the car.

The appellant and the two passengers who were in his car testified that appellant had drunk only one glass of wine and was not intoxicated.

Complaint is made that reversible error was committed when the court permitted Officer Casteel to testify that he asked the appellant after he was stopped and when he got out of the car if he had anything to say, and the appellant replied, "I can't afford to mess with the damn cops. I have a murder charge."

An objection that this injected an extraneous offense was overruled. Later, the appellant on direct examination testified that he asked Officer Casteel, ". . . what did you stop me for murder . . . ?"

The statement, according to the officer's testimony was made immediately after the appellant was stopped and was getting out of the car. The officer testified that the appellant was excited and was cursing them. The statement appears to have been spontaneous and at the time of the arrest.

Article 38.22, Section 1(f), Vernon's Ann.C.C.P., provides, in part:

"Nothing contained herein shall preclude the admissibility * * * of any statement that is res gestae of the arrest or of the offense."

In McCormick & Ray, Texas Law of Evidence, Section 1212, Page 88, is found:

"Of course, where statements or acts of the accused satisfy the requirements of some other exception to the hearsay rule, e. g. spontaneous exclamations (res gestae) they are admissible even though they are incompetent as confessions because made while under arrest."

See Moore v. State, 440 S.W.2d 643, and the cases collated under Article 802, Vernon's Ann.P.C. Note 43, Res Gestae, Admissibility.

■ The statement in the present case appears to have been spontaneous and immediately after the arrest. The fact that another crime was mentioned does not render it inadmissible. The court did not err in admitting the statement.

Next, it is contended that reversible error was committed at the guilt stage of the

trial while the appellant was on cross-examination when he was asked if he had ever been convicted for "DWI." He testified that he had never been convicted of a felony, but that he had been convicted for "traffic tickets." Then the following occurred:

> "Q. (Prosecutor) Have you ever plead (sic) guilty to an offense in court to anything other than a traffic ticket?
>
> "A. No, sir.
>
> "Q. You don't have anything against your name in California?
>
> "A. No, sir.
>
> "Q. You are telling the Judge and Jury you have no convictions of a felony or misdemeanor?
>
> "MR. MOORE (Defense Counsel): Judge, that was an improper question."

The record reflects that the jury was retired and discussion was held. The jury was returned and the appellant was then asked if he had ever been convicted of a "DWI" offense on the West Coast, particularly in California. He answered, "No."

In his brief, appellant states that the prosecutor had no evidence to present to the jury that he had been convicted for such an offense. The matter was not developed further. The objection was insufficient. The record does not show if there was or was not such a conviction.[1] There is no attempt to show bad faith on the part of the prosecutor in asking the question. The answer that he had not been convicted rendered the question harmless.

No reversible error is shown. The judgment is affirmed.

[1] If there was a felony conviction, the question would have been proper for impeachment, Bustillos v. State, Tex.Cr. App., 464 S.W.2d 118, but not if there was a misdemeanor of driving while intoxicated, because such an offense has been held not to involve moral turpitude. Stephens v. State, Tex.Cr.App., 417 S.W. 2d 286; Hunter v. State, 168 Tex.Cr.R. 160, 324 S.W.2d 17.