**Dave MILES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46172.**

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Rehearing Denied Jan. 24, 1973.

Don Metcalfe, Dallas, for appellant.

Henry Wade, Dist. Atty. and Robert T. Baskett, Asst. Dist. Atty., Dallas and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This appeal is taken from a conviction for the offense of murder with malice. Punishment was assessed at life imprisonment.

Appellant alleges one ground of error.

The State's version of the facts is unchallenged. An eyewitness testified that on March 13, 1965, at approximately 3:30 p.m., the appellant and the deceased got into a fistfight in her yard. After the fight, appellant went inside the witness's house to wash up. At this point, Ruby Calhoun, a friend of appellant's, came out of the house and hit deceased and tried to stab him with a knife. She then went back into the house. A short time later, both Ruby Calhoun and appellant came out of the house, each carrying a knife. Ruby Calhoun stabbed deceased in the back and appellant stabbed him in the chest, and then they fled the scene.

The doctor who performed the autopsy testified that, in his opinion, the cause of death was the stab wound of the chest.

Appellant testified in his own behalf. He admitted being in a scuffle with deceased, but denied carrying a knife into the fight or ever stabbing deceased.

Officer E. C. Duncan of the Dallas Police Department testified that in response to a call, he arrived at the scene shortly after the incident, finding the deceased lying on the grass. After talking with some of the persons present at the scene, Duncan proceeded to a house about three blocks away. Duncan was admitted into the house and saw appellant turn and take several fast steps toward the back of the house. However, Duncan's partner was positioned at the back of the house and when appellant saw him, he stopped and then came back toward Duncan. Duncan asked appellant if he had been at the scene, and appellant answered affirmatively. The officer then inquired of appellant, "What happened?", and he responded, "I cut the boys." Officer Duncan then took appellant and returned to the scene. A knife was handed to Duncan by a woman present at the scene, and appellant stated that was the knife he used to stab the deceased.

Appellant's only ground of error challenges the admissibility of his statement that he "cut the boys" (referring to deceased and his brother, who was also involved in the incident), and appellant's on-the-scene identification of the knife.

The evidence in regard to "cut the boys" was admitted by the trial court on the grounds that such a statement was part of the res gestae of the offense.[1] The record

---

1. Art. 38.22, § 1(f), Vernon's Ann.C.C.P., in reference to the admissibility of oral and written confessions states: "Nothing contained herein shall preclude the admissibility of any statement made by the defendant in open court at his trial or at his examining trial in compliance with Articles 16.03 and 16.04 or of any statement that is the res gestae of the arrest or of the offense."

reflects that not over ten minutes had elapsed from the time Duncan got the call reporting the disturbance until he went to the house where appellant was found. Further, appellant's statements were made immediately upon the officer's entering the room. Appellant had taken several fast steps toward the back of the house upon observing the police officer. Apparently, appellant was, at that point, under arrest.[2] Officer Duncan had entered the front door, and another officer was positioned at the rear entrance. Nevertheless, even after an arrest, and where such statements are made in response to an inquiry, such testimony is admissible, if all the elements that make the statements a part of the res gestae are present. The case of Moore v. State, 440 S.W.2d 643 (Tex.Cr.App.1969) is in point. There, the deceased was murdered on April 9, 1967, in Dallas. He (Moore) was arrested in Fort Worth at a service station on April 10, 1967. Certain statements he made to the arresting officer, within one minute after he first saw him, were held admissible under Art. 38.22, § 1(f), V.A.C.C.P. Similarly, the trial court in the present case had sufficient evidence to conclude that the statements were res gestae of the arrest. The officer's question was neither leading nor suggestive of an answer. See Wright v. State, 440 S.W.2d 646, 648 (Tex.Cr.App.1969); Spann v. State, 448 S.W.2d 128 (Tex.Cr.App. 1969); Rice v. State, 480 S.W.2d 694 (Tex.Cr.App.1972). See also, Tezeno v. State, 484 S.W.2d 374 (Tex.Cr.App.1972). This Court has held innumerable times that statements which are part of the res gestae are admissible notwithstanding the fact that they may not be admissible as confessions or admissions, for the rule of res gestae is independent of, superior to, and cannot be limited by the rules relating to confessions or admissions after arrest.[3] Jones v. State, 458 S.W.2d 654 (Tex.Cr. App.1970) and cases cited therein.

■ The fact that the trial judge admitted the statements as "part of the res gestae of the *offense*" (emphasis supplied) is of no consequence. The mere fact that a correct ruling is given for the wrong reason will not result in a reversal. If the decision is correct on any theory of law applicable to the case, it will not be disturbed. Smith v. State, 475 S.W.2d 238 (Tex.Cr.App.1971); Moreno v. State, 170 Tex.Cr.R. 410, 341 S.W.2d 455 (1960); Venable v. State, 397 S.W.2d 231 (Tex.Cr. App.1966), cert. denied, 384 U.S. 266, 86 S.Ct. 1477, 16 L.Ed.2d 525 (1966).

■ As to the admission of appellant's statement identifying the knife used against deceased, the issue is not properly presented to this Court.

The record reflects the following questioning of the arresting officer by the prosecutor:

"Q. (By Mr. Caperton) What did he tell you in regard to State's Exhibit No. 3? [the knife]

"A. The knife was handed to me by a colored female at the scene that stated that this was the knife—

"MR. HAMPTON: Now, I object to what anybody else told him, Judge.

"THE COURT: He's asking you what the Defendant said.

"THE WITNESS: The Defendant said that that was the knife that he used to stab Loyall Hawkins."

2. At a later point in the trial, an inquiry was made relative to the time appellant identified the knife, and Officer Duncan answered, "After he had been *arrested* and returned to the scene." (Emphasis supplied.)

3. No question as to possible illegal in-custodial interrogation was raised by appellant on this issue. However, the result would have been the same, regardless. Statements which are admissible as part of the res gestae are admissible without the Miranda warnings. See Walker v. State, 470 S.W.2d 669, 671–672 (Tex.Cr. App.1971) and cases cited therein.

No objection was made at this point. The error, if any, has not been properly preserved. Crestfield v. State, 471 S.W.2d 50 (Tex.Cr.App.1971), cert. denied, 406 U.S. 917, 92 S.Ct. 1764, 32 L.Ed.2d 115 (1972); Sierra v. State, 482 S.W.2d 259 (Tex.Cr. App.1972).

Finding no reversible error, the judgment is affirmed.