**Louis Wallace SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47765.**

Court of Criminal Appeals of Texas.

March 27, 1974.

Rehearing Denied April 24, 1974.

Melvyn Carson Bruder and Barry P. Helft (Court appointed on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dal-

las, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

### OPINION

ODOM, Judge.

Appellant was convicted, in a trial before a jury, of burglary. Punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life imprisonment.

Appellant initially contends the trial court erred in admitting over objection inculpatory statements made to police officers at the time of arrest.

The record reflects that at 2:40 A.M. on December 21, 1971, two Dallas police officers on patrol observed appellant coming out of a hole in the shattered glass door of a service station in Dallas. Appellant fled on foot but was discovered in about twenty minutes lying face down in a nearby creek bed. He was immediately placed under arrest and questioned by one of the officers, without first having been given warnings in accordance with Miranda v. Arizona, 483 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

■ Appellant was asked what he was doing at the gas station, and answered that he was prying on the cigarette machine. This statement was made when appellant was under arrest, had not been warned of his right to remain silent, and was in direct response to questioning by the officer inquiring into the offense. Neither the close juxtaposition in time to the arrest nor the excited, nervous state of appellant can change that fact.

Article 38.22, 1(f), Vernon's Ann.C.C.P., which provides in part:

"Nothing contained herein shall preclude the admissibility . . . of any

statement that is res gestae of the arrest or of the offense,"

is simply not relevant. The statement is not held inadmissible for failure to comply with Article 38.22, supra, but rather for constitutional reasons.

Although it was said in Miles v. State, Tex.Cr.App., 488 S.W.2d 790, that the res gestae rule is independent of, superior to and cannot be limited by the rules relating to confessions or admissions after arrest (see also Jones v. State, Tex.Cr.App., 458 S.W.2d 654; Spann v. State, Tex.Cr.App., 448 S.W.2d 128; Fisk v. State, Tex.Cr. App., 432 S.W.2d 912), the only reasonable reading of this statement is that it refers to statutory and common law rules of evidence regarding the admissibility of confessions. Certainly no one would suggest that the res gestae rule is superior to and cannot be limited by constitutional requirements! Yet that is precisely what is at issue in this case: the requirements of Miranda and the United States Constitution, not the requirements of Article 38.22, V.A.C.C.P.

■ Of course it has also been said, in Jones, supra, and elsewhere, that the admission of res gestae statements is not limited by Miranda, supra. In Hill v. State, Tex.Cr.App., 420 S.W.2d 408, for example, it was said:

"Further, we do not interpret the rule laid down in Miranda v. State of Arizona [supra] as excluding res gestae statements *such as the one made under the circumstance here described*." (Emphasis added.)

Obviously this court was not saying that any statement that is res gestae, regardless of how that rule may be formulated,[1] is admissible regardless of the requirements of Miranda. Quite the contrary, it was

---

1. As to the many rules collected under that one name, see "Custodial Interrogation and Res Gestae under Miranda," 22 Baylor L.Rev. 89 (1970), (4 rules) ; "Res Gestae in the Texas Court of Criminal Appeals: A Method To Their Madness?" 50 Texas L.Rev. 119 (1971), (6 rules) ; "A Suggested Classification of Utterances Admissible on Res Gestae," 31 Yale L.J. 229 (1922), (7 rules).

held that on the facts of that case *Miranda* did not require exclusion of the admitted statement. The initial question is *not* whether the statement is res gestae, but rather, whether *Miranda* requires exclusion. If *Miranda* does not require exclusion, then the next question is whether some other rule, such as Article 38.22, supra, will require its exclusion, or such, as res gestae, will permit its introduction. In the instant case, having concluded that *Miranda* requires exclusion, the inquiry regarding admissibility ends, and the rule of Article 38.22, 1(f), supra, is of no relevance.

Not having been warned of his rights, the direct and responsive answer to in-custody interrogation was inadmissible.

We further observe that Ricondo v. State, Tex.Cr.App., 475 S.W.2d 793 is not in point. In that case, the deceased, who made the complained of statement, had been beaten for two and a half hours, made the statement within minutes after the beatings ended as soon as he saw he was talking to a guard, and died within an hour after the statement. It was stated that on the facts of that case "This clearly appears to be a statement where the event is speaking through the person rather than the person speaking about the event." By no stretch of the imagination can it be said that in the instant case the event was speaking through the appellant. We do not intend to enshrine or give special significance to this phrase of the event speaking through the person, but it does express well how different the facts in *Ricondo,* supra, are from those before us here.

Miles v. State, supra, was decided on the basis of Article 38.22, Sec. 1(f), supra, not on *Miranda,* and specifically stated, "The officer's question was neither leading nor suggestive of an answer."

Additionally, in response to the dissenting opinions, we note that, even if *Miranda* were not at issue, the challenged statement was not res gestae of the arrest. The closeness in time to an arrest is not alone sufficient to render a statement res gestae thereof. If this were so, there would be no need to give Miranda warnings until booking at the station house, and thorough interrogation immediately upon arrest without warnings would be the most likely occasion to obtain admissable oral statements. But answers to interrogation following upon the heels of an arrest are not sufficient to constitute res gestae. "The statement must be the natural and spontaneous outgrowth of the main fact," Hamilton v. State, 138 Tex.Cr.R. 205, 135 S.W.2d 476. But in this case the statement simply was not spontaneous, nor even an unresponsive answer to a non-incriminatory type of question.[2]

The judgment is reversed and the cause remanded.

### MORRISON, Judge (dissenting).

I would uphold the trial court's finding that the oral confession was res gestae. The majority opinion appears to feel that the determining factor is that the appellant's statements were in response to the officer's questions.

In Miles v. State, Tex.Cr.App., 488 S.W.2d 790, the confession was held admissible even though made in response to questions. Compare the questions asked in Miles with those asked in the instant case:

*Miles:*

"Duncan asked appellant if he had been at the scene, and appellant answered affirmatively. The officer then inquired of appellant, 'What happened?', and he responded, 'I cut the boys.'"

---

2. See the facts in Dominquez v. State, Tex.Cr. App., 506 S.W.2d 880 (1974) for a good example of a situation where the statement is res gestae of the arrest. Also, Howell v. State, 171 Tex.Cr.R. 545, 352 S.W.2d 110, is an excellent example of a spontaneous statement made in the absence of any questioning by the officer, and is wholly unlike the facts of the instant case.

*Instant case:*

"I asked him how come he didn't come out when I called for him to come out . . . He said that he was afraid I would shoot him. I [then] asked him what he was doing at the gas station . . . He stated that he was prying on the cigarette machine."

The questions in the instant case are not more leading and suggestive than in the Miles case, and the answers are no more or no less responsive.

In Miles v. State, supra, we said:

"Nevertheless, even after an arrest, and where such statements are made in response to an inquiry, such testimony is admissible, if all the elements that make the statements a part of the res gestae are present."

The fact that an oral confession is made in response to an arresting officer's questions, even if leading and suggestive, is only one factor to be considered in determining whether the confession is res gestae. The majority is apparently adopting a rigid rule of exclusion and overemphasizing this one factor. Other factors significant in the instant case are time between arrest and the statement, appellant's nervousness, fear, and excitement. The issue is to be determined by the totality of the circumstances that only a trial court is in a position to adequately perceive. There is a valid basis in the evidence for the trial court's finding that the statements were res gestae.

The majority also appears to disparage the res gestae of an arrest as distinguished from the res gestae of the offense. However v. State, 171 Tex.Cr.R. 545, 352 S.W.2d 110, is a good example of a res gestae confession of an arrest held admissible, and is very close to the fact situation in the instant case.

I respectfully dissent to the reversal of this conviction.

DOUGLAS, Judge (dissenting).

The proposed opinion prepared by Judge H. P. Green, a special commissioner of this Court, is adopted as a part of the dissenting opinion. Omitting certain formal parts, it is as follows:

"The sufficiency of the evidence is not challenged.

"Appellant initially assigns as error the admission in evidence of two inculpatory statements of appellant made to two police officers at the time of the arrest. He contends that permitting such statements to be introduced is in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and of Articles 38.22 and 38.23, V.A.C.C.P.

"The record reflects that at about 2:40 A.M. on December 21, 1971, two Dallas police officers on patrol observed appellant coming out of a hole in the shattered glass door of a service station in Dallas. Appellant fled on foot into a creek bed with one of the officers in pursuit. By aid of a helicopter, appellant was discovered within 20 minutes lying face down among some weeds. He was immediately placed under arrest, at which time in answer to questions he made certain oral statements to the officers.

"A hearing was had in the absence of the jury to determine the admissibility of these statements. Officer McBee, one of the arresting officers, stated that appellant was discovered lying face down, about 30 feet from the station, in some grass within 15 to 20 minutes after he had run from the station. The officers, recognizing him as the man they had seen coming through the door of the station, helped him to arise and placed him in custody. He was very nervous, excited, and afraid. Officer Carr, who was with McBee at the time of the arrest, testified that appellant at that time was very excited, very scared and very nervous. Both officers stated that within 30 seconds after they had caused

appellant to stand up and had placed him in custody, he was asked by one of the officers, 'How come he didn't come out when I called for him to come out,' to which he replied that he was afraid the officer would shoot him. Appellant was then asked what he was doing at the gas station. He answered that he was prying on the cigarette machine. The record reflects that at this time no warnings had been given him in accordance with Article 38.22, V.A.C.C.P., or Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

"Objection to the introductions of these statements was at first sustained by the court, but later was overruled, the trial court concluding that appellant's responses to the questions were made under such circumstances as to be a part of the res gestae of the arrest. The officers testified to the jury, over the objection of appellant, substantially as stated above.

"It was shown that the statements were made within 20 minutes of the appellant being discovered leaving the burglarized station, and 20–30 seconds after he had been flushed from his hiding place and placed under arrest. He was very nervous and excited. In considering whether certain statements are admissible as res gestae, each case must be considered on its own merits. Patterson v. State, 458 S.W.2d 658. We conclude that the trial court properly found that, under the circumstances of this case, these statements were made as a part of the res gestae of the happening, and of the arrest.

"In Jones v. State, [Tex.Cr.App.,] 458 S.W.2d 654, this Court, speaking through Judge Onion, said:

"'Be that as it may, acts and declarations which are a part of the res gestae are admissible notwithstanding the fact that they may not be admissible as confessions or admissions, for the rule of res gestae is independent of, superior to and cannot be limited by the rules relating to confessions or admissions after arrest. Spann v. State, [Tex.Cr.App.,]

448 S.W.2d 128 and cases there cited. See also 24 Tex.Jur.2d 137, Sec. 600; Fisk v. State, Tex.Cr.App., 432 S.W.2d 912.

"'Still further, it is noted that Article 38.22, Sec. 1(f), Vernon's Ann.C.C.P., provides in part: "Nothing contained herein shall preclude the admissibility . . . of any statement that is the res gestae of the arrest or of the offense." As to the application of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, to res gestae statements, see Hill v. State, Tex.Cr.App., 420 S.W.2d 408; Brown v. State, [Tex.Cr.App.,] 437 S.W.2d 828.

"'If a statement is admissible as res gestae the fact that it is made in response to an inquiry, or while under arrest does not render the testimony inadmissible. Spann v. State, supra; Fowler v. State, 162 Tex.Cr.R. 513, 287 S.W.2d 665; Heath v. State, Tex.Cr.App., 374, [375] S.W.2d 909.'

"See also, Pilcher v. State, [Tex.Cr. App.,] 503 S.W.2d 547; Tezeno v. State, [Tex.Cr.App.,] 484 S.W.2d 374; Anderson v. State, [Tex.Cr.App.,] 479 S.W.2d 57; Moore v. State, [Tex.Cr.App.,] 440 S.W.2d 643; Ramos v. State, [Tex.Cr.App.,] 419 S.W.2d 359. Cf. Martinez v. State, [Tex. Cr.App.,] 498 S.W.2d 938.

"In support of his contention that the statements were elicited from appellant during custodial interrogation at a time when he had not been advised of his rights, appellant relies upon Brown v. Beto, 468 F.2d 1284 (5th Cir. 1972). There the federal court found that Brown was held in custody from 30 to 45 minutes before making the statements introduced in evidence, and the court stated they were more the product of the intimidating circumstances he found himself in than his own voluntary admission. Brown v. Beto, supra, does not apply to the facts of the instant case.

"The appellant had fled from the scene of the crime, and within 20 minutes was

found by the police hiding in a gully 30 feet away. The statements in question were made by him within 20 to 30 seconds after his arrest, while he was in a highly nervous, excited state of mind, and were admissible as res gestae of the arrest. Under the totality of the circumstances we hold that the trial court did not err in the admission of these statements in evidence notwithstanding they were made in response to inquiries from the arresting officer. Miles v. State, [Tex.Cr.App.,] 488 S.W.2d 790; Jones v. State, supra; Moore v. State, supra; Pilcher v. State, supra; Spann v. State, 448 S.W.2d 128; Rice v. State, [Tex.Cr.App.,] 480 S.W.2d 694.

"Appellant next complains of the court's refusal to give his requested charge concerning the admissibility of appellant's 'res gestae statements.'

"Considering our holding that the court properly admitted the answers of appellant as res gestae statements, we conclude that the court properly denied the requested instruction to the jury. De Leon v. State, [Tex.Cr.App.,] 500 S.W.2d 862, 868. Appellant did not testify, and no fact issue was raised as to the admissibility of these statements.

"In his third ground, appellant alleges error in the court's refusal to submit his requested charge on circumstantial evidence. Appellant contends that there was no direct evidence of an intent to commit theft.

"The officers first saw appellant at 2:40 A.M. inside the burglarized building just before he exited through a shattered glass door. Investigation in the station established that attempts had been made to pry open a cigarette machine therein. When a person is found in a building of another at night without the consent of the owner, it is presumed that he was there with the intent to steal. Leaderbrand v. State, 457 S.W.2d 557. A charge on circumstantial evidence is not required where the defendant was seen leaving the burglarized building. Leaderbrand v. State, supra; Bircher v. State, [Tex.Cr.App.,] 491 S.W.2d 443.

"Appellant next contends that the prosecuting attorney committed reversible error by conducting a personal attack on the integrity and competence of his lawyer during the jury argument at the guilt stage of the trial.

"As the prosecuting attorney was discussing the testimony of the officers on their identification of appellant at the burglarized station, the following colloquy transpired:

"'. . . And I wrote down exactly what the officer said. I said, "Officer McBee—

"'MR. BRUDER: Object if he's going to read the testimony, any testimony, I am going to object.

"'THE COURT: You may—

"'MR. BURHAM: You want the truth, don't you?

"'MR. BRUDER: Object to the remarks of Mr. Burnham saying, "You want the truth, don't you?" I am going to respectfully ask that this jury be instructed to disregard that remark. I think it's a slight to me and I take it personally, Mr. Burnham.

"'THE COURT: Of course, you understand, you're the finders of fact. What you find is—if you find it to be true, then it's true under the charge that I gave you. You determine the truth of the testimony or the falsity of it. You weigh it. . . .'

"The argument complained of does not appear to be a personal attack on either the integrity or competence of appellant's attorney. The court, without making any definite ruling on the objection, responded to it, and no further action was sought. No request for further instructions, or for

a mistrial, was sought. It appears that the judge's action was satisfactory. There is nothing to review. Nichols v. State, 504 S.W.2d 462 (No. 46,581, January 23, 1974)."

In addition to the proposed opinion by Judge Green, the statement of the appellant that the majority has held to be inadmissible will be discussed further.

Assuming that such statement was not admissible as res gestae of the offense, the majority fails to fully consider its admissibility under the provision of Article 38.22–1(f), V.A.C.C.P., which recognizes statements res gestae of the arrest are admissible.

In Miles, v. State, Tex.Cr.App., 488 S. W.2d 790, the Court noted in a well reasoned opinion the difference between res gestae of the offense and of the arrest. Does the majority now ignore that distinction?

How does this holding fit with the case of Ricondo v. State, Tex.Cr.App., 475 S. W.2d 793? In that case an injured party who was in jail was asked several questions by guards and he refused to answer them until he learned that the questioners were guards. There was less spontaneity there than in the present case, but this Court in a unanimous opinion held that the answers to the questions were admissible as res gestae of the offense. That case should be overruled or distinguished by the majority.

Assuming, as the majority has found, that admission of the appellant's statement was error, then it should be considered harmless. The officers saw the appellant in the burglarized building and arrested him hiding nearby within a few minutes. The proof was such that no circumstantial evidence charge was required. No other reasonable conclusion except that of guilt could be reached.

The punishment was required to be assessed at life under Article 63, V.A.P.C.,

because two prior felony convictions were alleged and proved.

Since the proof, without the statement made after his arrest, was overwhelming as to his guilt, and there was no discretion as to his punishment, because he was an habitual offender, the error, if any, would be rendered harmless.