Lockett v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-146-CR

     FREDDIE RAY LOCKETT,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 278th District Court
Grimes County, Texas
Trial Court # 12475
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Freddie Lockett of possessing, with the intent to deliver, more than 400
grams of a controlled substance, cocaine, and the court assessed punishment of forty-five years'
imprisonment. See Tex. Health & Safety Code Ann. § 481.112 (Vernon Supp. 1995). In the
first of three points of error, he argues that the prosecution was barred by the statute of
limitations. See Tex. Code Crim. Proc. Ann. art. 12.01(5) (Vernon Supp. 1995). Next, he
argues that the court erred by allowing evidence of his statement at the time of the arrest. See id.
art. 38.22 (Vernon 1979 & Supp. 1995). Finally, he challenges the sufficiency of the evidence
to support his conviction. We will affirm.
      On April 10, 1989, Department of Public Safety Trooper Gary Shaw and two Navasota Police
Officers, Randall Jones and Janice Fife, arrested Lockett and Rebecca Gails alongside State
Highway 6. At Lockett's trial, Gails testified about her and Lockett's actions leading up to the
arrest. She and Lockett drove to Houston from College Station that morning. In Houston, he
placed a phone call, after which they met an unidentified man near the Astrodome. They followed
the man to a Stop-N-Go convenience store in Missouri City. Lockett left Gails at the store and
drove down the street, where he and the unidentified man conferred. He then returned to the store
to pick her up. In response to Gails' queries, Lockett showed her a half kilogram of cocaine in
a Burger King bag. According to Gails, Lockett stated that he intended to put the cocaine "back
on the streets with [the] sellers." 
      Lockett drove on the return trip to College Station. Trooper Shaw stopped them for speeding
on Highway 6 in Grimes County. Shaw spoke with Lockett at the rear of the car while Gails
remained in the passenger seat. Lockett told Shaw that Gails was his girlfriend. When Shaw
checked the car's inspection sticker, he asked Gails about her relationship to Lockett and she stated
that he was her brother. Shaw described Lockett and Gails as "very nervous." Because of their
conflicting stories and nervousness, Shaw asked for and obtained Lockett's consent to search the
car for weapons. During this search, Shaw discovered the cocaine in the Burger King bag between
Gails' feet.
      While Trooper Shaw was searching the car, Officer Jones arrived. Shaw carried the Burger
King bag back to where Jones was standing with Lockett and showed Jones the cocaine. Jones
asked Lockett what was in the bag and he replied, "[I]t's cocaine, okay, go ahead and take me to
jail." Lockett and Gails were both arrested and taken to jail.
      In point one, Lockett argues that the indictment showed, on its face, that the prosecution was
barred by the three-year residual felony statute of limitations. See Tex. Code Crim. Proc. Ann.
art. 12.01(5). The offense occurred on April 10, 1989. The indictment that the State went to trial
on was handed down by the Grimes County grand jury on June 30, 1992, some three years and
two months after the offense, apparently over two months too late. However, Lockett should have
objected to this defect prior to trial to preserve his right to complain about it on appeal. See Tex.
Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 1995); State v. Yount, 853 S.W.2d 6, 8
(Tex. Crim. App. 1993). This he did not do. Thus, he cannot now complain about the defect in
this court. Point one is overruled.
      In point two, Lockett claims that the court erred by admitting evidence of his self-incriminating statement at the scene. He argues that he was under arrest at the time of the
statement and, because the statement was not recorded, it is admissible only if it led to the
discovery of evidence establishing his guilt. See Tex. Code Crim. Proc. Ann. art. 38.22, § 3(c). 
The State replies that the statement was admissible as res gestae of the arrest under section (5) of
article 38.22, which provides, "Nothing in this article precludes the admission of a statement made
by the accused . . . which is res gestae of the arrest . . . ." Id. art. 38.22, § 5. 
      A statement is res gestae when it is made in response to a startling event, spontaneously,
without time for reflection or fabrication. Davis v. State, 780 S.W.2d 945, 947 (Tex. App.—Fort
Worth 1989, pet. ref'd). An arrest qualifies as such a startling event. Id. The rule of res gestae,
as indicated by the statute, is superior to the rules regarding the admissibility of confessions or
other admissions after arrest. Miles v. State, 488 S.W.2d 790, 792 (Tex. Crim. App. 1972). That
the statement is made in response to an inquiry does not render it inadmissible. Harryman v.
State, 522 S.W.2d 512, 516 (Tex. Crim. App. 1975). Thus, the Court of Criminal Appeals
concluded that the admission of the statement, "You know what it is. It is heroin," by the
defendant when asked by the arresting police officer, "What is this?" was not error. Id. Because
the facts in Harryman are essentially identical to the facts here, point two is overruled.
      In his third point, Lockett challenges the sufficiency of the evidence to support the jury's
conclusion that he possessed the cocaine. See Martin v. State, 753 S.W.2d. 384, 387 (Tex. Crim.
App. 1988); Collins v. State, No. 10-94-119-CR, slip op. at 5 (Tex. App.—Waco, December 14,
1994, no pet. h.). However, Gails testified extensively to Lockett's care, custody, control, and
management over the cocaine, and his statements indicating that he knew it was cocaine. See id. 
Additionally, her testimony is corroborated by the testimony of Shaw and Jones concerning
Lockett's statement when confronted with the cocaine. See Gill v. State, 873 S.W.2d 45, 48 (Tex.
Crim. App. 1994). Thus, the evidence is sufficient, and point three is overruled.
       The judgment is affirmed.



                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 1, 1995
Do not publish