**Affirmed and Memorandum Opinion filed August 22, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00355-CR

---

**HUEATHEN KIRK GARDNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 482nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1715276**

---

### MEMORANDUM OPINION

Appellant Hueathen Kirk Gardner was convicted of the first-degree felony offense of arson of a habitation, knowing that it was in the limits of an incorporated city or town or knowing that it is located on property belonging to another. *See* Tex. Penal Code Ann. § 28.02(a)(2)(A), (B), (d)(2). In four issues , appellant argues (1) the trial court erred by denying his motion to suppress regarding an alleged res gestae statement he made, (2) the trial court erred by having appellant shackled during trial, (3) the associate judge was constitutionally

barred from presiding over the voir-dire proceedings; and (4) he was deprived of an impartial jury when the associate judge read the prospective indictment during voir dire. We affirm the judgment as challenged on appeal.

## I.    BACKGROUND

Appellant rented a home owned by Nguyet Hoang. Although they got along at first, their relationship soured over time, and appellant eventually stopped paying rent. Hoang pursued eviction proceedings, obtained an order of eviction, and notified appellant that he had 24 hours to move out of the house. The next day, Hoang had movers place all of appellant's belongings on the sidewalk in front of the house and then changed the locks.

Realizing that he had been evicted, appellant drove to a nearby gas station, purchased two plastic gas cans with gasoline, and then returned to the house. Although Hoang had changed the locks, appellant jumped the fence with one of the cans of gasoline and kicked in the back door. Appellant then poured gasoline throughout the interior of the home, ignited the gasoline with a match, and returned to the front yard. While a concerned neighbor looked on, appellant poured gasoline from the second gas can all over his own possessions in the yard, and set them on fire.

While a firefighter-neighbor began spraying water on the home with a garden hose to try to contain the fires inside and outside of the house, appellant stood next to his truck across the street and filmed the fire with his cellphone. An undercover police officer who was looking for appellant because of an open, unrelated arrest warrant witnessed appellant's behavior. Appellant drove away from the scene, but he was stopped and arrested based on the open warrant. Because the police officer suspected he committed arson, the officer drove appellant back to the scene.

Houston Fire Department Senior Arson Investigator Robert Haynes interviewed appellant for about 15 minutes, without any *Miranda* warnings, then assessed the extent of the fire damage. After speaking with several neighbors and other officers, Haynes returned to appellant to advise him that he was going to be charged with arson. According to Haynes, during this second interaction, when appellant saw Hoang arrive at the scene, he blurted, "when [I] g[e]t out, if [Hoang] still owned the house, . . . [I am] going to come back and try again."

## II.    RES GESTAE STATEMENT

In his first issue, appellant argues the trial court erred in denying his motion to suppress. More specifically, appellant argues that his comment during his second interaction with Haynes about attempting to burn the house again was an inadmissible res gestae statement.

## A.    Standard of review and applicable law

An appellate court reviews a trial court's ruling on a motion to suppress under the abuse-of-discretion standard and will overturn the trial court's decision only if it is outside the zone of reasonable disagreement. *See Wexler v. State*, 625 S.W.3d 162, 167 (Tex. Crim. App. 2021). An appellate court employs a bifurcated process during this review, first evaluating the evidence pertinent to the suppression issue in the light most favorable to the trial court's ruling and giving almost total deference to the trial court's factual assessments of the circumstances in the case, and then reviewing de novo the trial court's application of the law to the facts. *See id.*

The United States Constitution prohibits the prosecution from using a defendant's statements which stem from custodial interrogation unless the prosecution demonstrates that procedural safeguards were employed to protect the

defendant's privilege against self-incrimination. *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966); *Jones v. State*, 119 S.W.3d 766, 772 (Tex. Crim. App. 2003). Code of Criminal Procedure article 38.22 codifies that prohibition and similarly precludes the State's use of a defendant's statements obtained through custodial interrogation absent a showing that certain procedural safeguards were employed—namely, that the accused was warned of his rights and knowingly, intelligently, and voluntarily waived those rights. *See* Tex. Code Crim. Proc. Ann. art. 38.22.

However, article 38.22, section 5 states that "[n]othing in this article precludes the admission of a statement made by the accused . . . that is res gestae of the arrest or of the offense, or of a statement that does not stem from custodial interrogation[.]" *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 5. Three requirements must be met before a statement may be admitted as res gestae: (1) there must be an exciting, emotionally stimulating, or physically painful event—i.e., the arrest or the offense itself; (2) the statement must have been made sufficiently close in time to the occurrence that the declarant is still in the emotional grip of the exciting or stimulating event, such that the remark is spontaneous or impulsive; and (3) the statement must be related to the circumstances of the event. *See Graham v. State*, 486 S.W.2d 92, 94 (Tex. Crim. App. 1972).

Statements may even be admissible as res gestae of the arrest or offense even if they are the product of custodial interrogation, provided that the officer's statement or inquiry is not leading or suggestive of an answer. *Etheridge v. State*, 903 S.W.2d 1, 15 (Tex. Crim. App. 1994); *see Lewis v. State*, 630 S.W.2d 285, 288 (Tex. App.—Houston [14th Dist.] 1981, no pet.) ("A careful review of past cases indicates that the Court of Criminal Appeals has given a broad interpretation as to

what constitutes the res gestae of an arrest. The cases seem to find as admissible without reversible error all except direct responses to custodial questions where *Miranda* warning insufficiency was found.").

## B. Analysis

Appellant argues that his comment to Haynes did not constitute a res gestae statement because it did not meet any of the three requirements for res gestae. But we must first determine whether *Miranda* requires the comment to be excluded altogether. *See Smith v. State*, 507 S.W.2d 779, 781 (Tex. Crim. App. 1974) ("The initial question is [n]ot whether the statement is res gestae, but rather, whether *Miranda* requires exclusion. If *Miranda* does not [require] exclusion, then the next question is whether some other rule, such as Article 38.22 . . . will require its exclusion, or such, as res gestae, will permit its introduction."). The record reflects that appellant spontaneously made his comment to Haynes in response to seeing Hoang arrive at the scene. This response was not the result of a custodial investigation or in response to any questioning by Haynes. We therefore conclude that *Miranda* does not require its exclusion. *See id.* at 781. We next determine if his comment constituted admissible res gestae.

Under the first element, there must be an "exciting" or "stimulating" event. The express statutory terms consider the stimulating event to include the offense itself or the arrest. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 5. Here, the stimulating events consisted of appellant committing arson and then being informed that he was being arrested and charged with arson. We conclude that the first element is met.

For the second element, the statement must be made sufficiently close in time to the stimulating event. Haynes testified that "shortly" after informing appellant that he was going to be charged with arson, appellant saw Hoang and

5

made the statement about "trying again" when he gets out of jail. As the trial court noted, appellant's statement "was in response to the complainant coming to the scene, not questions asked at the scene. *It was happening at the—near the time. . . .* [H]e just blurted it out when he saw the complainant coming." (emphasis added). With the statement occurring so shortly after being informed he was going to be arrested for arson, we hold that the second element is satisfied.

Concerning the third element, appellant's unsolicited comment clearly related to both the arson and the arrest. Appellant conveyed his intent to burn the house again if Hoang still owned the home after appellant was released from jail. We hold that the third element is satisfied.

Given these circumstances, we conclude that appellant's comment to Haynes was admissible as res gestae. Accordingly, we cannot say the trial court abused its discretion in denying appellant's motion to suppress. We overrule appellant's first issue.

### III. SHACKLING

In his second issue, appellant claims the trial court erred in ordering that he appear in shackles during the voir-dire proceedings before the jury without providing a particularized reason for doing so. The State agrees that the trial court erred in so doing, but nonetheless asserts that the error was harmless.

"[S]hackling error may rise to the level of constitutional error when the record reflects a reasonable probability that the jury was aware of the defendant's shackles." *Bell v. State*, 415 S.W.3d 278, 283 (Tex. Crim. App. 2013). After reviewing the record, we cannot conclude there was a reasonable probability the jury was aware of appellant's restraints. Instead, the record shows that the trial court took precautionary measures to conceal appellant's shackles from the jury,

6

including: (1) arranging with appellant's counsel to have a bag placed in front of appellant's legs at counsel's table; (2) removing appellant's brightly colored socks to avoid drawing attention to appellant's legs; (3) conducting a "dry run" with the trial court seated "in the location where the jury would be seeing" the proceedings from, to personally verify that the jury would be unable to view appellant's shackles; and (4) removing the jury from the courtroom before and after appellant testified, so that the jurors would not see appellant's shackles as he walked between counsel's table and the witness stand. There is no indication in the record that these precautionary measures were ineffective, or that the jury ever saw or was aware that appellant was shackled at any time. Additionally, nothing in the record suggests that appellant's shackles hindered his ability to communicate with defense counsel or the trial court, or to participate at trial. Appellant argues that it is possible the jury heard the rattling of his chains, but as the court noted in *Bell*, "in light of this record, to conclude that it is reasonably probable that the jury heard the rattling of the chain would be purely speculative." *Id.*

Having concluded there is not a reasonable probability that the jury was aware of appellant's shackles, any alleged harm appellant suffered is nonconstitutional in nature, and thus we review the alleged harm for non-constitutional error. *See* Tex. R. App. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Schmutz v. State*, 440 S.W.3d 29, 39 (Tex. Crim. App. 2014). As stated above, nothing in the record indicates the jury was even aware that appellant was shackled; precautionary measures were taken so that the jury would not see his shackles and nobody at trial mentioned he was wearing shackles. Also, there is no evidence that the shackles

7

affected appellant's ability to participate in the trial or communicate with his counsel.

Accordingly, we conclude that any error was harmless. We overrule appellant's second issue.

## IV. ASSOCIATE JUDGE'S ABILITY TO PRESIDE OVER VOIR DIRE

In his third issue, appellant argues that it violated Texas Constitution article V, sections 7 and 8 for an associate judge to have presided over his voir-dire proceeding, rather than a district judge, and thus, his conviction is void. *See* Tex. Const. art. V, §§ 7, 8 (Tex. Official).

Article V, section 7, requires that Texas be divided into judicial districts, with each district to be presided over by one or more duly elected judges, and it sets forth the eligibility requirements for such district court judges. *See* Tex. Const. art. V, § 7 (Tex. Official). Article V, section 8 then sets forth the jurisdiction of district courts: "District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." *See* Tex. Const. art. V, § 8 (Tex. Official). Government Code section 54A.006 delineates various tasks that a district court may delegate to a duly appointed associate judge, specifying that "[a]n associate judge may select a jury. Except as provided in Subsection (b), an associate judge may not preside over a trial on the merits, whether or not the trial is before a jury." Tex. Gov't Code Ann. § 54A.006(d). Section 54A.008 adds that "[e]xcept as limited by an order of referral, an associate judge to whom a case is referred may . . . select a jury[.]" Tex. Gov't Code Ann. § 54A.008(a)(15).

Appellant contends that Government Code sections 54A.006 and 54A.008 exceed constitutional authority by permitting associate judges to conduct voir dire. However, nothing in the plain text of the Texas Constitution prohibits associate judges from presiding over voir dire. *See Johnson v. Tenth Jud. Dist. Ct. of Appeals at Waco*, 280 S.W.3d 866, 872 (Tex. Crim. App. 2008) ("As with statutory construction, when we construe a provision of the Texas Constitution, we are principally guided by the language of the provision itself[.]"). Our sister courts have rejected similar challenges to an associate judge having presided over voir dire. *E.g.*, *Clifton v. State*, No. 01-22-00641-CR, 2023 WL 5437181, at *12 (Tex. App.—Houston [1st Dist.] Aug. 24, 2023, pet. ref'd) (mem. op., not designated for publication) ("Because the Texas Constitution did not bar the associate judge from conducting voir dire in Clifton's case, she was not disqualified from performing this function, and thus her actions were not void.").

Accordingly, we conclude the associate judge's actions were not void. We overrule appellant's third issue.

## V.  INDICTMENT READ BY ASSOCIATE JUDGE

In his fourth issue, appellant argues that the associate judge who presided over voir dire committed fundamental error by reading the indictment to the venire panel in that proceeding. More specifically, appellant contends the associate judge was unauthorized to read the indictment because Code of Criminal Procedure article 36.01(a)(1) directs the prosecutor to read the indictment as part of arraignment after jury selection. Tex. Code Crim. Proc. Ann. art. 36.01(a)(1).  It is uncontested that appellant neither objected to the associate judge's reading the indictment to the venire panel nor commented on the prosecutor later reading the indictment as a part of arraignment after jury selection. Instead, appellant argues the associate judge's conduct constituted a *Marin* category-two error that did not

9

require objection. *See Marin v. State*, 851 S.W.2d 275, 278–79 (Tex. Crim. App. 1993). However, this court has already rejected a similar argument, observing that "we have found no cases to support the proposition that reading the indictment during the voir dire constitutes fundamental error." *Williams v. State*, No. 14-19-00979-CR, 2021 WL 5707411, at *7 (Tex. App.—Houston [14th Dist.] Dec. 2, 2021, pet. ref'd) (mem. op., not designated for publication). There is simply no evidence in the present case that the associate judge's reading of the indictment during voir dire denied appellant a fair and impartial jury.

Because appellant did not object on this basis and this is not a *Marin*-category-two error, appellant has waived this issue. *See* Tex. R. App. P. 33.1(a)(1)(A). We overrule appellant's fourth issue.

## VI.    CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.


/s/      Charles A. Spain
         Justice


Panel consists of Chief Justice Christopher and Justices Spain and Poissant.

Do Not Publish —Tex. R. App. P. 47.2(b).